## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **QUANARDO TAYLOR,** | : | **Civil No. 3:12-CV-891** |
| | : | |
| **Plaintiff** | : | |
| | : | **(Judge Caputo)** |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| | : | |
| **C.O. D. REINARD,** | : | |
| | : | |
| **Defendant.** | : | |

## MEMORANDUM ORDER

The background of this order is as follows:

The plaintiff, a state prisoner, who is proceeding *pro se*, first commenced this

action by filing a complaint on May 14, 2012. (Doc. 1.) Along with this complaint,

Taylor now filed a motion designed to demonstrate that he had exhausted his

administrative remedies before proceeding to federal court. (Doc. 25.) Taylor

apparently filed these documents in an effort to satisfy the requirements of the Prison

Litigation Reform Act, (PLRA) which  provides that "[n]o action shall be brought

with respect to prison conditions under . . . any other Federal law, by a prisoner

confined in any jail, prison, or other correctional facility until such administrative

remedies as are available are exhausted."  42 U.S.C. § 1997e(a).

While we appreciate Taylor's efforts in this regard, we note that it is well-

settled that an inmate's failure to exhaust these remedies is an affirmative defense under the PLRA, which must be pleaded and proven by the defendants. See Ray v. Kerestes, 285 F.3d 287 (3d Cir. 2002). Therefore, the plaintiff has no obligation to plead or prove exhaustion, until such time as this affirmative defense is raised. Since questions concerning exhaustion should only arise in response to this affirmative defense, we will DENY this motion (Doc. 25) without prejudice to the plaintiff raising these issues when, and if, the defendants assert failure to exhaust as an affirmative defense in this litigation.

So ordered this 7th day of September, 2012.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge.